# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
*Plaintiff Below, Respondent*

**vs.) No. 21-0891** (Fayette County 06-F-23)

**John Henry Miller,**
*Defendant Below, Petitioner*

## MEMORANDUM DECISION

Petitioner John Henry Miller appeals the order of the Circuit Court of Fayette County, entered on October 7, 2021, resentencing him (for purposes of appeal) to an effective term of imprisonment of seventy to one hundred eighty years upon his conviction, following a jury trial, of five counts of incest and five counts of first-degree sexual assault.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the briefs and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Miller was convicted and sentenced in 2006, but he did not appeal the circuit court's judgment at that time. In 2021, the circuit court resentenced him for purposes of appeal and appointed counsel to assist with filing an appeal with this Court. Counsel filed a notice of appeal without identifying specific assignments of error. When he later filed his appellate brief, counsel represented that he had thoroughly reviewed the record but identified no issues to raise on appeal. Consequently, rather than presenting "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal" (*see* W. Va. R. App. P. Rule 10(c)(7)), counsel asked that the Court provide direction on petitioner's responsibilities under Rule 10(c)(10) of the West Virginia Rules of Appellate Procedure and the application of *Anders v. California*, 386 U.S. 738, 744 (1967), in situations like this one.[2] He further asks that we clarify the extent of our review when

---

[1] Petitioner appears by counsel Lonnie C. Simmons. Respondent State of West Virginia appears by counsel Patrick Morrisey, Lindsay S. See, and William E. Longwell.

[2] Rule 10(c)(10) provides:
(continued. . . )

counsel fails to identify an appealable issue.

We find that petitioner has not presented assignments of error concerning the conduct of the underlying criminal proceedings but instead asks that we provide instruction about the required procedure before this Court. By extension, we interpret petitioner's request as one for an advisory opinion.

> It is a deeply rooted and fundamental law that "this Court is not authorized to issue advisory opinions[.]" *State ex rel. City of Charleston v. Coghill*, 156 W.Va. 877, 891, 207 S.E.2d 113, 122 (1973) (Haden, J., dissenting). In this regard, we observed in *Harshbarger v. Gainer,* 184 W.Va. 656, 659, 403 S.E.2d 399, 402 (1991), that "[s]ince President Washington, in 1793, sought and was refused legal advice from the Justices of the United States Supreme Court, courts—state and federal—have continuously maintained that they will not give 'advisory opinions.'" Moreover, in *United Fuel Gas Co. v. Public Service Commission*, 73 W.Va. 571, 578, 80 S.E. 931, 934 (1914), we noted that "[b]y the plain terms of the Constitution appellate jurisdiction is limited to controversies arising in judicial proceedings[.]"

*State ex rel. Morrisey v. W. Va. Off. of Disciplinary Couns*., 234 W. Va. 238, 246, 764 S.E.2d 769, 777 (2014). Petitioner has identified no error in the trial proceedings, and we discern none from our own review of the appendix record on appeal. Accordingly, there is no justiciable controversy before us, and we will engage in no further discussion that may lead to an advisory opinion that

---

The following requirements must be observed when counsel in a criminal, habeas corpus, or abuse and neglect case is directed by a client to file an appeal where counsel lacks a good faith belief that an appeal is reasonable and warranted under the circumstances:

(a) Counsel must engage in a candid discussion with the client regarding the merits of the appeal. If, after consultation with the client, the client insists on proceeding with the appeal, counsel must file a notice of appeal and perfect the appeal on the petitioner's behalf. The petitioner's brief should raise any arguable points of error advanced by the client. Counsel need not espouse unsupportable contentions insisted on by the client[] but should present a brief containing appropriate citations to the appendix and any case law that supports the assignments of error.

(b) In extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

we are not authorized to provide.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 19, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn